# Appeal of the American Sewing Machine Co.

1. Hershberg sold a lot to W. and took from the latter a mortgage for a balance of $2000 of the purchase-money. W. sold the same lot to Hall & Bosley and took from them a mortgage for a like amount. Both the mortgages were for the same debt and the payments were made to correspond. Hall & Bosley paid $1000 directly to Hershberg, it appeared, by direction of W. and the understanding was that the other $1000 was also to be paid to Hershberg. Hall & Bosley were indebted to the Second National Bank, and in pursuance of a settlement by them with the bank, the latter paid the remaining $1000 and took an assignment of the judgment from W. which he had entered on the bond accompanying his mortgage. The lot was sold under a subsequent judgment of the bank against Hall & Bosley, and in the distribution of the fund the auditor allowed the bank the amount of the W. judgment, $2000, with interest. The bank had no notice of any arrangement that the payments on the mortgage were to be made to Hershberg. *Held*, that the judgment of W. was a valid obligation, as against Hall & Bosley, and when the bank, under its agreement with them, paid the money to W. and took his assignment of the judgment it was entitled to hold the same until paid; and it was not its duty to see that W. applied the money which he received to the payment on the Hershberg mortgage, as it had not so contracted and had no notice of such an arrangement.

2. There can be no set-off on account of usury when the amount received by the bank is no more than the amount actually loaned.

3. Where the debt and usurious interest have been paid and an action brought under the Act of Congress for the penalty, and an assignment been made of the suit, neither the assignor nor his creditors have any right to set off the usurious interest so paid against judgments obtained by a bank against the assignor where the usurious interest complained of was not on the judgments in controversy, but on other and antecedent notes.

4. The costs in this controversy imposed upon the appellant, as they resulted from its own motion.

November 23d 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

Appeal from the Court of Common Pleas of *Crawford county:* Of October and November Term 1876, No. 126.

This was the appeal of the American Buttonhole, Overseaming and Sewing Machine Company, from the decree of the court making distribution of the proceeds of the sheriff's sale of the real estate

of E. T. Hall and H. C. Bosley, on a fieri facias issued by H. M. Hall to the use of the Second National Bank of Titusville.

The proceedings were as follows: E. T. Hall and H. C. Bosley were partners in the sewing machine and real estate business in Titusville, in 1871–'72, and part of 1873. Their commercial notes, endorsed by H. M. Hall, were discounted by the Second National Bank, and were renewed from time to time, with the same endorser. To secure H. M. Hall, on account of these endorsements, Hall & Bosley gave him two judgment-notes, one at sixty days, dated March 12th 1872, on which judgment was entered August 27th 1872, to No. 448, August Term, and the other at sixty days, dated June 10th 1872, for $1000, on which judgment was entered the same day to No. 449, August Term 1872.

Judgment was also entered May 9th 1873, to No. 688, April Term 1873, for $404, on a judgment-note at sixty days, to secure H. M. Hall on account of his endorsement of the note of E. T. Hall, which was discounted by the bank on the individual account of the latter.

On the 18th of July 1873, in pursuance of an agreement of all the parties with the bank, H. M. Hall assigned said judgments to the Second National Bank, and at the same time, as a part of the same settlement, two suits which E. T. Hall had brought against the bank, one in his own name and one in the name of Hall & Bosley, to recover usurious interest paid to the bank, were assigned to one of the directors of the bank.

When this agreement was made, E. T. Hall was indebted to the bank in the sum of $9074.35, and the firm in the sum of $5532.16.

Under the fi. fa. of H. M. Hall to the use of the bank, the sheriff sold two lots, one for $4100, and the other for $1100, to which he made a special return, setting forth the sales and certifying that the bank was a lien-creditor of said E. T. Hall and H. C. Bosley, and as such was entitled to the sum of $5200, for which he had taken the receipt of the bank, less costs, &c.

The receipt accompanying the return was as follows :—

| On judgment No. 447, August Term 1872 (balance) | $64.70 |
| On judgment No. 448, August Term 1872 | 1605.90 |
| On judgment No. 449, August Term 1872 | 1071.60 |
| On judgment No. 633, November Term 1872 | 2073.30 |
| On judgment No. 688, April Term 1873 | 321.55 |
| | $5137.05 |

Exceptions were filed to this special return by the defendants in the writ and the American Sewing Machine Company, who had a judgment to August Term 1873 against said defendants for $2000.

Hall & Bosley bought the east lot from J. F. Wikoff, L. L. Lamb & V. M. Hunter, who had purchased the same from H. L. Hersh-

berg, giving him a mortgage thereon for $2500, for part of the purchase-money. It was dated August 10th 1871, recorded August 14th 1871, $500 of the amount to be payable November 10th 1872, $1000 August 10th 1872, and $1000 August 10th 1873, with interest on all sums unpaid. When Hall & Bosley bought this lot the $500 had been paid, and they gave Wikoff, Lamb & Hunter a purchase-money mortgage for $2000, payable in two instalments of $1000 each, on the same days as the Hershberg mortgage. This mortgage was made in the names of E. T. Hall and H. C. Bosley. It is dated May 4th 1872, and was recorded December 27th 1872. This Hall & Bosley mortgage was for the same debt as judgment No. 633, November Term 1872.

When Hall & Bosley bought the east lot from Wikoff, Lamb & Hunter, and gave the mortgage to them, it was arranged that they (Hall & Bosley) should pay the money directly to H. L. Hershberg, to apply on the mortgage held by him, in satisfaction of the Hall & Bosley mortgage; and when the first instalment of $1000 became due, August 10th 1872, Hall & Bosley paid it, with interest on both instalments, to H. L. Hershberg, taking his receipt therefor, which they afterwards exchanged for a receipt from Wikoff, Lamb & Hunter. The Hall & Bosley mortgage was purposely made to correspond with the times of payment and balance ($2000) of the Hershberg mortgage, and to take care of said balance.

The said payment of $1000 and interest was made to H. L. Hershberg, by direction of Wikoff, Lamb & Hunter. The records of said mortgages do not show said payment. The record of judgment No. 633, November Term 1872, shows an entry on the 8th of August 1873, assigning the second instalment of $1000 and interest of said judgment to the Second National Bank of Titusville, and setting forth that the first instalment had been paid. This assignment was made in pursuance of the agreement heretofore alluded to, which contained this stipulation: "Said bank is to assume, pay and take an assignment of the balance due on a bond and mortgage given by E. T. Hall and Henry C. Bosley to John F. Wikoff, L. L. Lamb and V. M. Hunter, for balance of purchase-money due on a piece of land on West Spring street, Titusville, and being $1000 with interest from August 10th 1872."

Before the auditor it was contended, on behalf of the appellant, 1. That judgment No. 633, November Term 1873, was not entitled to any of the proceeds of sale in this audit, it being for the same debt for which the Hall & Bosley mortgage was given, said mortgage being a purchase-money mortgage on one of the lots sold by the sheriff in this case, and being for the same debt represented and secured by the Hershberg mortgage, which was prior to all other liens on the lot sold, and was not divested by the sale. 2. That if judgments Nos. 448 and 449 are entitled to be paid out of this fund, the amounts paid thereon by way of interest and discounts

over and above legal interest should be credited upon the principal of said judgments.

On the part of the bank it was argued:—

1. That any arrangement about the payment by Hall & Bosley to Hershberg to apply on the mortgage held by him in satisfaction of the mortgage that said Hall & Bosley gave to Wikoff, Lamb & Hunter, cannot interfere with the rights of the bank, there having been no notice thereof. 2. That the lien of the second mortgage, viz., from Hall & Bosley to Wikoff, Lamb & Hunter, was divested by the sheriff's sale; and, 3. That two suits are pending, one by E. T. Hall and one by Hall & Bosley, against the said bank for double the amount of all the interest that E. T. Hall and H. C. Bosley paid to said bank, for two years before the beginning thereof, under Act of Congress of June 3d 1864, and usurious discounts cannot be deducted from any judgments in this audit.

The auditor was of opinion that the bank was entitled to the amount of the judgment assigned to it, viz., $1000, and interest, and upon the question of illegal interest reported as follows:—

" The contention of the Sewing Machine Company assumes that usurious interest and discount were paid on the judgments; but this is not correct. The evidence was that usurious discounts were paid on the commercial notes. The judgments were not usurious. The suits for double the amount of discounts were assigned to F. W. Ames at the time of the settlement of July 18th 1873. If he took the assignments for the bank it would be equivalent to a release of the claims; if for himself, and he has not settled with the bank, he holds whatever rights were legally transferred to him as against the bank. The auditor is not satisfied that he has power to reduce the judgments under the facts, and he declines to deduct the usurious discounts."

The auditor also reported that the costs ought to be paid by the company and the bank in equal proportions.

To this report the Sewing Machine Company filed the following exceptions:—

1. The auditor erred in applying any part of the fund to judgment No. 633, November Term 1872, that judgment being for the same debt secured by a first mortgage held by H. L. Hershberg, and subject to which the Second National Bank must be held to have purchased the property.

2. In not applying the usurious interest found by him to have been received by the bank on the notes secured by the judgments assigned to it by H. M. Hall, to the reduction of said judgments in this distribution.

3. In reporting that any part of the costs of this audit should be paid by the American Sewing Machine Company, exceptant.

The court confirmed the report of the auditor and from that decree this appeal was taken.

[American Sewing Machine Co.'s Appeal.]

*B. J. Reid*, for appellant.—Had the bank acted upon what it knew or was bound to know, and seen that the money was applied in satisfaction of the encumbrance created by Wikoff & Co., it could have taken the assignment of the Wikoff lien against the property, and it would then have been good and available in its hands. The sheriff's sale would have brought an enhanced price, representing the unencumbered value of the property ; the bank would have got its money back out of the bid, and no injustice would have been done to the defendants or junior lien creditors. But by taking a different course, the bank got the property at $1073.50 less than its value at an unencumbered sale ; and if it is allowed to retain the entire bid ($1100) a great wrong will be done the defendants and their other creditors.

In equity, as we have shown, the debt represented by the bond and mortgage assigned to the bank must be regarded as the same debt with that represented by the prior mortgage. How then can one be treated as not divested and the other as divested and entitled to come in upon the fund ? And if Wikoff & Co. could not have claimed this fund, how can junior lien creditors be prejudiced by their assignment of their lien to another party ?

The usurious interest paid the bank ought to be applied in reduction of the principal in this distribution on the authority of Bachdell's Appeal, 6 P. F. Smith 386 ; Building Association, 3 Phila. 453 ; Woodward *v.* Schmitt, 5 Id. 152 ; Borland's Appeal, 15 P. F. Smith 470.

*Roger Sherman*, for appellee.—These mortgages were not for the same debt. One was the debt of Wykoff, Lamb & Hunter to Hershberg ; the other the debt of Edward T. Hall & H. C. Bosley to Wikoff, Lamb & Hunter. There was no priority or agreement concerning it, except that Hall & Bosley would have declined paying Wikoff, Lamb & Hunter, unless they satisfied the mortgage they had given. A sale having been made upon a subsequent judgment, the lien of the judgment of Wikoff, Lamb & Hunter was divested. If divested, the proceeds of the sale applied to it.

By the sheriff's sale the bank sought to realize by application of its bid $5137.05, being a deficiency of $395.11. It is conceded by the appellant that the bank, as assignee of the judgments, was entitled to avail itself of this to the extent of the debt. If all the alleged usury, $310.65, is deducted the bank will still not receive what is due to it.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1877.

In this case we sustain the finding of the auditor and decree of the court, except so far as the disposition of the costs of audit are concerned ; inasmuch as the appeal of the Second National Bank

of Titusville from this same decree has been sustained, the appellant in this case should pay all costs, as they result from its own motion.

Though judgment No. 633, Nov. Term 1873, the one in controversy, was the debt secured by the mortgage of Hall & Bosley to Wikoff and others, and was in fact security for the payment of the purchase-money mortgage of Wikoff *et al.* to Hershberg, it was, nevertheless, a valid obligation as against Hall & Bosley, and when the bank, under its agreement with them, paid the money to Wikoff, Lamb & Hunter, and took their assignment of this judgment, it was entitled to hold the same until paid. It may have been the duty of Wikoff, Lamb & Hunter to have applied the money which they received in relief of the property by payment of the Hershberg mortgage, but it was not the duty of the bank to see to such application, for it had not so contracted, neither had it knowledge that such application was either proper or possible.

As to the question of the defalcation of the usurious discounts, we have but to say : if the amount received by the bank was no more than sufficient to cover the amount of money actually received by Hall & Bosley, then no interest of a usurious or any other character has been paid and there can be no set-off on that score. If, however, the several debts and interest have been paid, they have themselves determined their remedy by the suits which they brought, under the Act of Congress, for the recovery of double the amount of the alleged usurious interest, and as they have assigned all their rights in such suits to F. W. Ames, neither they nor their creditors have anything to set off. Had the usury complained of been paid on the judgments in controversy, the case would be different, for then it must be treated as payment *pro tanto ;* but as the auditor has found that such is not the fact, but that the unlawful interest, if paid at all, was paid on notes negotiated in 1872, it is clear to us that the conclusion arrived at in the court below is the correct one.

Decree affirmed and it is ordered that the appellant pay all costs.